**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4325**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNL KEITH WHITE, a/k/a Mad Max,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:22-cr-00009-D-RJ-1)

Submitted:  March 27, 2025                                        Decided:  April 4, 2025

Before AGEE, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnl Keith White pleaded guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018). The district court established a base offense level of 20, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2021), relying on White's prior conviction for possession with intent to manufacture, sell, or deliver heroin, in violation of N.C. Gen. Stat. § 90-95(a)(1). After applying an enhancement and a downward adjustment and placing White in criminal history category IV, the district court calculated an advisory Sentencing Guidelines range of 46 to 57 months' imprisonment and sentenced White to a prison term of 51 months. In this appeal,* White contends that, after *United States v. Campbell*, 22 F.4th 438, 441-44 (4th Cir. 2022) (holding that West Virginia offense of delivery of crack cocaine, which could include attempted delivery, was not a "controlled substance offense" under the Guidelines), his prior North Carolina conviction is not a controlled substance offense under USSG § 4B1.2. The Government moves for summary affirmance, arguing that White's claim is foreclosed by our decision in *United States v. Miller*, 75 F.4th 215 (4th Cir. 2023). Although we deny the Government's motion, we affirm the criminal judgment.

The questions here are whether a North Carolina drug conviction satisfies the definition of a controlled substance offense in USSG § 4B1.2 and which published decision

---

* We held this case in abeyance for our decision in *United States v. Jackson*, 127 F.4th 448 (4th Cir. 2025). Upon the issuance of the mandate in *Jackson*, this appeal was removed from abeyance and is ripe for disposition.

2

controls the analysis.  In *Miller*, we held that—unlike the nearly identical West Virginia statute at issue in *Campbell*—N.C. Gen. Stat. § 90-95(a) "is a categorical match" with the definition of a controlled substance offense in the Guidelines.  75 F.4th at 230-31.  We highlighted a key difference between the statutory schemes—"North Carolina separately criminalizes attempt offenses from drug offenses," *id.* at 230, but West Virginia does not, *id.* at 229.  We noted that "[c]onstruing § 90-95(a)(1) to include attempt offenses would render [North Carolina's] attempt statute superfluous."  *Id.* at 230.

In *United States v. Jackson*, we addressed the prior-panel-precedent rule.  127 F.4th at 454-55.  Jackson argued that our decision in *United States v. Davis*, 75 F.4th 428, 444-45 (4th Cir. 2023) (holding that the South Carolina statute at issue qualified as a controlled substance offense under the Guidelines' definition), was not controlling legal authority, despite being published.  127 F.4th at 454.  "Instead, Jackson argue[d], because there [was] an irreconcilable conflict between *Davis* and the earlier-decided *Campbell*, *Campbell* continue[d] to control."  *Id.*  However, in *Jackson*, we held that our *Davis* decision foreclosed that argument.  *Id.* at 455.  We reasoned that the South Carolina statute at issue in *Davis* was "materially distinguishable" from the West Virginia statute at issue in *Campbell* because the South Carolina statute "does *not* reach attempted distribution offenses."  *Id.*  We therefore held "[t]hat [the *Davis*] holding squarely govern[ed] in *Jackson*]."  *Id.*

While Jackson disagreed with the *Davis* Court's analysis, we observed that "*Davis* is published, binding authority.  And when *Davis* declined to follow [a prior] unpublished decision . . . and instead ruled that a South Carolina distribution conviction . . . is a

3

Guidelines controlled substance offense, it changed the 'controlling legal authority' for purposes of the mandate rule exception." *Id.* Thus, we concluded that the district court in *Jackson* had "correctly relied on *Davis* and properly treated [the] South Carolina drug distribution convictions as predicate controlled substance offenses under the Guidelines." *Id.* This court found no procedural error in the district court's calculation of Jackson's Guidelines sentencing range. *Id.*

Here, applying our reasoning in *Jackson*, White's argument is foreclosed by *Miller*—a published, binding decision. We held in *Miller* that N.C. Gen. Stat. § 90-95(a) is a "categorical match" with the definition of a controlled substance offense in the Guidelines, reasoning that the North Carolina statute (like the South Carolina statute at issue in *Jackson*) separately criminalizes attempt offenses from drug offenses. 75 F.4th at 230-31. Although White disagrees with *Miller*'s analysis—as the appellant in *Jackson* did with *Davis*—that is of no matter. Because this court has previously addressed in *Miller* the precise question White raises in this appeal, and because *Miller* held that a conviction under N.C. Gen. Stat. § 90-95(a)(1) is a controlled substance offense under USSG § 4B1.2, the district court properly treated White's North Carolina drug distribution conviction as a predicate controlled substance offense under the Guidelines and properly overruled White's *Campbell* objection. The district court therefore committed no procedural error in calculating White's Guidelines range.

4

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*